825 A.2d 1140

IN THE MATTER OF JOSEPH A. MAFFONGELLI, AN
ATTORNEY AT LAW (ATTORNEY NO. 230681969).

July 2, 2003.

**ORDER**

The Disciplinary Review Board having filed with the Court its decision in DRB 02–407, concluding that **JOSEPH A. MAFFONGELLI** of **MONTCLAIR**, who was admitted to the bar of this State in 1969, should be suspended from the practice of law for a period of one year for violating *RPC* 1.1(a) (gross neglect), *RPC* 1.3 (lack of diligence), *RPC* 1.4(a) (failure to keep client reasonably informed about matter), *RPC* 1.4(b) (failure to explain a matter to the extent necessary to permit client to make an informed decision), *RPC* 1.5(c) (deficient fee agreement), *RPC* 3.2 (failure to expedite litigation and to treat with courtesy and consideration all persons involved in the legal process), *RPC* 3.3(a)(5) (failure to disclose to a tribunal a material fact with knowledge that the tribunal may be misled), *RPC* 3.4(c) (knowingly disobeying an obligation under the rules of a tribunal), *RPC* 8.4(c) (conduct involving dishonesty, fraud, deceit or misrepresentation), and *RPC* 8.4(d) (conduct prejudicial to the administration of justice);

And the Disciplinary Review Board having concluded that prior to reinstatement to practice, respondent should be required to demonstrate that he is physically and mentally fit to practice law, and that on reinstatement, respondent should be required to practice law under supervision;

And good cause appearing;

It is ORDERED that **JOSEPH A. MAFFONGELLI** is suspended from the practice of law for a period of one year and until the further Order of the Court, effective August 1, 2003; and it is further

ORDERED that prior to reinstatement to practice, respondent shall demonstrate that he is physically and mentally fit to practice

law, as attested to by a physician and mental health professional approved by the Office of Attorney Ethics; and it is further

ORDERED that on reinstatement to practice, respondent shall practice law under the supervision of a practicing attorney approved by the Office of Attorney Ethics until the further Order of the Court; and it is further

ORDERED that respondent be restrained and enjoined from practicing law during the period of suspension and that respondent comply with *Rule* 1:20–20; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs incurred in the prosecution of this matter.